# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN EUGENE REECE, SR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:22-CV-815-SRW |
| WARREN COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff John Eugene Reece, Sr., a prisoner, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will give Mr. Reece the opportunity to file an amended complaint, and will deny without prejudice his motion seeking the appointment of counsel.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Mr. Reece did not submit a certified inmate account statement in support of the instant motion, but he did file correspondence indicating that he had recently been transferred to a different facility. The Court will therefore not direct Mr. Reece to submit an account statement at this time, and will instead assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

### Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.

The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Mr. Reece filed the complaint pursuant to 42 U.S.C. § 1983 against the Warren County Sheriff's Department, and Officer Unknown Leppard. At the time of the events giving rise to Mr. Reece's claims, he was a pretrial detainee at the Warren County Jail.[1] Mr. Reece names Officer Leppard in his official capacity only. He alleges as follows.

On May 25, 2022, Officer Leppard transported Mr. Reece from the St. Louis County Justice Center to the Warren County Jail in a transport van. Mr. Reece suffered a seizure during the trip, and Officer Leppard took him to St. Joseph's Hospital in St. Charles. Mr. Reece can be

---

[1] After filing the complaint, Plaintiff later filed a second letter advising the Court that he had been sentenced to prison, and is now incarcerated at the Fulton Reception and Diagnostic Center in Fulton, Missouri.

3

understood to allege that, following his release from the hospital, Officer Leppard handcuffed him behind his back, roughly took him from his wheelchair and threw him onto the floor of the van, slammed the doors, and began driving.

Mr. Reece hit his head on the doors and asked for medical attention, but Officer Leppard "said I would get attention when I get to Warren County . . .". (ECF No. 1 at 4). Mr. Reece writes, "While he was driving I was being tossed all over in the floor for which my hands were cuffed behind my back. Officer Leppard refused to get me medical attention and kept driving." *Id.* Later, Officer Leppard "pulled over and man handled me and threw me in the seat of the van and pulled into Warren County Jail and I was not looked at . . . ." *Id.*

Mr. Reece alleges he suffered a broken finger that has grown "crooked." *Id.* He seeks damages in the amount of $1 million. After filing the complaint, Mr. Reece filed a letter complaining that unidentified persons at the Warren County Jail were opening his legal mail, and he was not allowed to use the telephone.

**Discussion**

The Court is concerned about Mr. Reece's allegations against Officer Leppard. However, this action is subject to dismissal. First, the Warren County Sheriff's Department is not an entity that can be sued under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as sheriff's departments and police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government."). Additionally, because Mr. Reece names Officer Leppard in his official capacity only, his claims are the equivalent of claims against his employer, the Warren County Sheriff's Department. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (naming a government official in his official capacity is the equivalent of naming the government entity that

4

employs him). As noted above, that entity is not one subject to suit under § 1983, *see Ketchum*, 974 F.2d at 82, and the complaint contains no allegations that would state a municipal liability claim. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). Finally, even if Mr. Reece's assertions in the correspondence were included in the complaint, they would not state a plausible First Amendment claim.

The Court will give Mr. Reece the opportunity to file an amended complaint. Mr. Reece is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Mr. Reece must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Mr. Reece should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"). Mr. Reece must avoid naming anyone as a defendant unless that person is directly related to his claim. In the section of the form complaint provided for plaintiff to identify the defendants, Mr. Reece must specify whether he names each defendant in an individual capacity, an official capacity, or both.

In the "Statement of Claim" section, Mr. Reece should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Mr. Reece should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Mr. Reece must state his

claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Mr. Reece names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Mr. Reece names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Mr. Reece allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Mr. Reece must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Mr. Reece must avoid attempting to amend a complaint by filing correspondence or other separate documents. Instead, Mr. Reece must file a single amended complaint that sets forth his claims for relief. *See Popoalii v. Corr. Med. Serv.*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Mr. Reece has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir.

6

2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, there is no indication that Mr. Reece is incapable of representing himself or investigating the facts and presenting his claims, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Additionally, Mr. Reece has yet to file a complaint that survives review under 28 U.S.C. § 1915(e)(2)(B). However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Mr. Reece's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Mr. Reece must pay an initial filing fee of $1.00. Mr. Reece is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Mr. Reece's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Mr. Reece a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, Mr. Reece must file an amended complaint in accordance with the instructions herein.

**Plaintiff John Eugene Reece, Sr.'s failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 19th day of October, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE