## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN EUGENE REECE, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-815-SRW |
| | ) | |
| WARREN COUNTY SHERIFF'S DEPARTMENT, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon review of self-represented Plaintiff John Eugene Reece, Sr.'s amended complaint, ECF No. 9, and motion for appointment of counsel, ECF No. 8. Because Plaintiff is proceeding *in forma pauperis*, the Court is required to review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, and for failure to state a claim upon which relief may be granted. After reviewing the allegations, the Court will issue process on Plaintiff's individual capacity claim against Defendant Deputy Officer Unknown Leppard. Additionally, Plaintiff's request for counsel will be denied at this time.

### **Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 against the Warren County Sheriff's Department and Officer Unknown Leppard. At the time of the events giving rise to Plaintiff's claims, he was a pretrial detainee at the Warren County Jail.[1] Plaintiff named Defendant Officer Leppard in his official capacity only.

Plaintiff asserted that, on May 25, 2022, Leppard transported him from St. Louis County Justice Center to the Warren County Jail. Plaintiff suffered a seizure during the trip, and Leppard took him to St. Joseph's Hospital in St. Charles. Following his release from the hospital, Plaintiff claimed Leppard handcuffed him behind his back, roughly took him from his wheelchair and threw him onto the floor of the van, slammed the doors, and began driving. During the drive, Plaintiff hit his head on the doors and was tossed around on the floor while handcuffed. Plaintiff asked for medical attention but was told he would receive it when he arrived at the Jail. Plaintiff also claimed, at some point during the drive, Leppard "pulled over and man handled [him]." Plaintiff alleged he suffered a broken finger that has grown "crooked." For relief, he sought damages in the amount of $1 million.

On October 19, 2022, the Court carefully reviewed the complaint pursuant to § 1915(e), and found it subject to dismissal. ECF No. 7. The Court explained:

> The Court is concerned about plaintiff's allegations against Leppard. However, this action is subject to dismissal. First, the Warren County Sheriff's Department is not an entity that can be sued under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as sheriff's departments and police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government."). Additionally,

---

[1] After filing the complaint, Plaintiff later filed a second letter advising the Court that he had been sentenced to prison, and is now incarcerated at the Fulton Reception and Diagnostic Center in Fulton, Missouri.

3

> because plaintiff names Officer Leppard in his official capacity only, his claims are the equivalent of claims against his employer, the Warren County Sheriff's Department. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (naming a government official in his official capacity is the equivalent of naming the government entity that employs him). As noted above, that entity is not one subject to suit under § 1983, *see Ketchum*, 974 F.2d at 82, and the complaint contains no allegations that would state a municipal liability claim. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978).

*Id.* at 4-5. However, in consideration of Plaintiff's self-represented status, the Court directed him to submit an amended complaint, which would allow him to name Officer Leppard in his individual capacity, if he wished to do so.

## Amended Complaint

Plaintiff filed his amended complaint on November 1, 2022, against defendant Deputy Officer Leppard in his individual capacity only. ECF No. 9. Plaintiff's allegations are substantially similar to his original complaint.

He asserts Leppard was transporting him on May 25, 2022, from St. Louis County Justice Center to the Warren County Jail when he had "a seizure type episode." Plaintiff was taken to St. Joseph's Hospital in St. Charles and subsequently cleared. Following his release from the hospital, Plaintiff asserts a nurse pushed him out to Leppard's transport van. Plaintiff alleges Leppard grabbed his arm, pulled him out of his wheelchair, and threw him onto the floor of the transport van. While he was on the floor, Leppard allegedly began to drive the vehicle. Plaintiff states he informed Leppard he was injured and asked for medical attention, but was told by Leppard he would receive it when he arrived at the Jail. At some point during the drive, Leppard allegedly pulled over, "man handled" him, and "put [him] in the seat before [he] got to [the] county jail." Plaintiff asserts that while he was "slung around in the floor" of the van he broke his finger. For relief, Plaintiff seeks $1 million.

**Discussion**

At this stage of the litigation, the Court must take Plaintiff's allegations as true. Plaintiff alleges Defendant threw Plaintiff into a transport van and drove recklessly while Plaintiff was on the floor of the vehicle. Plaintiff asserts he called out to Defendant letting him know he was injured, but Defendant ignored his pleas. At some point, Defendant stopped the vehicle and "manhandled" him. Plaintiff asserts he sustained injury to his finger, and it is now permanently deformed.

As a pretrial detainee at the time of the alleged incident, Plaintiff's constitutional claims fall within the ambit of the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010). The Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). However, this distinction "makes little difference as a practical matter," because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment.").

The Eighth Circuit has upheld similar claims as Plaintiff's where it was apparent from the alleged actions that the driver of a transport vehicle manifested deliberate indifference for the inmate's safety. For instance, in *Brown v. Morgan*, 39 F.3d 1184 (8th Cir. 1994), the Eighth Circuit found the plaintiff had sufficiently stated an Eighth Amendment claim where the officer transporting plaintiff refused to let him wear a seatbelt, refused to slow down despite plaintiff's requests to do so, then purposely sped up and taunted plaintiff for being scared under the circumstances. The Eighth Circuit found such allegations were sufficient to support a conclusion that the officer had intentionally placed plaintiff in a dangerous situation and manifested deliberate indifference for plaintiff's safety. *Id.* at * 1. *See also Brown v. Fortner*, 518 F.3d 552 (8th Cir.

5

2008) (correctional officer transporting inmate refused to fasten inmate's seatbelt knowing that he could not do so himself because of his shackles and drove recklessly while ignoring requests to slow down was sufficient to plead a claim under § 1983).

Thus, liberally construing the amended complaint and taking all allegations as true, the Court determines Plaintiff has adequately pleaded an individual capacity claim against Defendant Deputy Officer Unknown Leppard at this stage of the litigation.[2] Accordingly, the Clerk of Court will be directed to serve process upon Defendant.

## Appointment of Counsel

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. On October 19, 2022, the Court granted Plaintiff's motion to proceed *in*

---

[2] The Court cautions Plaintiff that this is only a preliminary determination based solely on the allegations contained in the amended complaint. This is not a determination of the merits of his claim or potential defenses thereto.

*forma* pauperis. ECF No. 7. In the instant Memorandum and Order, the Court reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e) and directed the Clerk of Court to issue process or cause process to issue on the complaint as to defendant Deputy Officer Leppard in his individual capacity. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. Thus, the Court will deny Plaintiff's motion for appointment of counsel but will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue on the amended complaint as to Defendant Deputy Officer Unknown Leppard, in his individual capacity, at the following address: Warren County Sheriff Department, 104 West Main Street, Warrenton, Missouri 63383.

**IT IS FURTHER ORDERED** that because Plaintiff is proceeding *in forma pauperis* in this action, service shall be effectuated by the United States Marshal's Office through summons, pursuant to Fed. R. Civ. P. 4. *See* 28 U.S.C. §1915.

**IT IS FURTHER ORDERED** that a copy of the summons and return of summons for the Defendant shall be filed in this matter.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), Defendant Deputy Officer Unknown Leppard shall reply to Plaintiff's individual capacity claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that, on the Court's own motion, the Clerk of the Court shall amend the short caption to "Reece v. Leppard."

Dated this 14th day of November, 2022.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE