UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN EUGENE REECE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-815-SRW |
| | ) |
| KYLE LEPPER, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on a motion filed by self-represented Plaintiff John Eugene Reece, Sr. seeking a "subp[oe]na for all evidence," including "all audio, video, and all and any transcript written or recorded[.]" ECF No. 23. For the following reasons, Plaintiff's request will be denied.

To the extent Plaintiff is intending to seek discovery from Defendant Kyle Lepper pursuant to the Court's December 21, 2022 Case Management Order, this motion is not appropriate. **Discovery requests are not to be filed with the Court, but should instead be submitted between the parties**. *See* Local Rule 3.02(A). Self-represented litigants, such as Plaintiff, must comply with the local and federal rules. *See, e.g., American Inmate Paralegal Assoc. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988) (per curiam) ("Pro se litigants are not excused from complying with court orders or substantive and procedural laws"); *Clemons v. Lombardi*, 2014 WL 409107, at *1 (E.D. Mo. Feb 3, 2014) (citing *Faretta v. California*, 422 U.S. 806, 834-35, 834 n. 46 (1975)).

If, on the other hand, it was Plaintiff's intent to seek a subpoena *duces tecum*, he has not properly submitted such a request. The Court has discretion whether to grant or deny subpoenas for indigent parties. *Williams v. Carter*, 10 F.3d 563, 566 (8th Cir. 1993). "This power should be exercised to protect the resources of the Court and the Marshal Service, and to prevent harassment

and undue expense of other parties and non-parties." *Stockdale v. Stockdale*, 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009). Courts generally "consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case." *Id.* The Court may deny a request for a subpoena if it is frivolous, immaterial, or unnecessary, unduly burdensome, would result in costs the indigent cannot provide, or is otherwise unreasonable. *Id.* Additionally, although Plaintiff has been granted *in forma pauperis* status under 28 U.S.C. § 1915, nothing in the statute authorizes or permits the Court to waive the expense requirements of Federal Rule of Civil Procedure 45. *See generally McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987); *Badman v. Stark*, 139 F.R.D. 601, 605-06 (M.D. Pa. 1991); *Leadbetter v. City of Fort Wayne*, 2007 WL 2323109, at *2 n. 2 (N.D. Ind. Aug. 10, 2007) (citing cases).

Plaintiff may refile his request using the proper form for a subpoena *duces tecum* if it was his intent to seek documents from a non-party or, in other words, an individual or entity other than Defendant Kyle Lepper. He should complete the appropriate subpoena form and return it to the Court along with a Memorandum for Clerk requesting that the subpoena be served by the U.S. Marshal. The Memorandum for Clerk should include the following information: (1) the name of the person or entity plaintiff seeks to serve; (2) the specific document or testimony plaintiff seeks; (3) how the specified document or testimony is relevant to his case; (4) why plaintiff believes the person or entity to be subpoenaed has possession of the documents or relevant information for a deposition; and (5) how plaintiff will provide the necessary costs of issuing such subpoenas. The Court retains the discretion to refuse to issue Rule 45 subpoenas to non-parties if Plaintiff does not provide the required information in the Memorandum for Clerk, or if the Court believes the requests are frivolous or otherwise improper. *See Bell v. Jefferson Cnty. Sheriff Dep't*, 2022 WL 4016379, at *2 (E.D. Mo. Sept. 2, 2022) (providing the above instructions to *pro se* plaintiff

seeking the issuance of subpoenas). *See also* Local Rule 2.06(C) (self-represented litigants must file a written request for the issuance of any witness subpoenas).

The Court will direct the Clerk to enclose one blank form AO 88-B with this Order. Should Plaintiff be allowed to proceed under Rule 45, he will be required to tender the fees for one day's attendance and the mileage allowed by law to the witnesses. Statutory witness fees are set out in 28 U.S.C. § 1821(b)(c). If it was not Plaintiff's attempt to file a subpoena *duces tecum*, but instead intended to merely seek discovery from Defendant Kyle Lepper, he may do so by sending all discovery requests to Mr. Lepper's attorneys, Bradley Sylwester and D. Keith Henson, at Paule Camazine PC, 165 N. Meramec Avenue, Suite 110, Clayton, Missouri 63105. Such standard discovery requests are **not** to be filed with the Court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion requesting the Court to issue a "subpoena" for all evidence [ECF No. 23] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to provide Plaintiff with a copy of this Order and two blank form subpoenas *duces tecum* (AO 88-B). Plaintiff may request additional forms, if needed.

Dated this 6th day of February, 2023.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE